**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIVIA DE DOS SANTOS PINHEIRO, AKA Livia Pinheiro, AKA Livia Santos Pinheiro,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　　　Respondent. | No.　18-72720<br><br>Agency No. A073-944-789<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020**

Before:　　BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Livia De Dos Santos Pinheiro, a native and citizen of Brazil, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for deferral of

removal under the Convention Against Torture ("CAT").  Our jurisdiction is

_____

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Pinheiro failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Brazil.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).  The record does not support Pinheiro's contention that the agency failed to consider evidence or otherwise erred in its analysis of her claim.

We lack jurisdiction to consider Pinheiro's contentions regarding her gender, long-term residence in the United States, and that she received ineffective assistance of counsel because she failed to raise them before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (indicating that ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**